**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEQUOYAH DESERTHAWK KIDWELL, also known as JASON SCOTT HARPER,<br><br>Plaintiff,<br><br>v.<br><br>STU SHERMAN, et al.,<br><br>Defendants. | Case No.: 1:21-cv-0639 JLT GSA<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CHANGE VENUE WITHOUT PREJUDICE<br><br>(Doc. 18) |

Plaintiff seeks to hold several individuals connected to the California Substance Abuse Treatment Facility and Corcoran State Prison liable for violations of his civil rights.[1] (Doc. 1-1.) He initiated this action by filing a complaint in the Sacramento Superior Court, which the defendants removed to the Eastern District. (Doc. 1.) Upon review of the allegations, the Sacramento Division transferred the action to the Fresno Division because "the alleged violations took place in Kings County, which is part of the Fresno Division…." (Doc. 3 at 1.)

Plaintiff requests a change in venue, asking that the matter be returned to the Sacramento Division pursuant to 28 U.S.C. § 1404. (Doc. 18 at 1-2.) Plaintiff notes that "[i]t has been over two years since this Case has been filed within this Court and longer since it was filed in the Sacramento Superior Court originally." (*Id.* at 1.) He contends the Court should transfer the venue because

[1] Pursuant to 28 U.S.C. § 1915A(a), the Court must screen the allegations of the complaint filed, and screening remains pending by the magistrate judge.

screening has been pending for more than two years and "[p]art of the delay is the lack of judges as well as the over burden of cases within Fresno County." (*Id.* at 2.) Plaintiff asserts, "[He] had cases filed within this Court who/that have moved forward and in full litigation that were filed after this instant case. Yet this case is at a stand still." (*Id.*) Plaintiff expresses concern that the discovery will be difficult due to delay, and requests the venue be changed "to preserve [d]iscovery efforts, witness statements, facts, and memory accounts." (*Id.*)

Pursuant to 28 U.S.C. § 1404(a), For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." *Id.* The Supreme Court explained the § 1404(a) analysis should be an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). Accordingly, courts consider several factors, including:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986)); *see also Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498-99 (9th Cir. 2000). Further, the Court may consider "administrative difficulties flowing from court congestion and [the] local interest in having localized controversies decided at home." *Decker Coal*, 805 F.2d at 843. The party seeking a change of venue has the burden to demonstrate the transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Whether to grant a change of venue is within the discretion of a district court. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (explaining the determination of venue "involves subtle considerations and is best left to the discretion of the trial judge").

Considering the factors above, the Court finds the matter should remain in the Fresno Division of the Eastern District of California. Both the Sacramento and Fresno Divisions are equally familiar with the applicable laws. As the Court previously observed, the underlying events occurred in Kings County, which is within the Fresno Division. Thus, the convenience of the parties and witnesses—who are likely within the Fresno Division—favor the case remaining within the Fresno Division.

Likewise, access to the evidence, which likely is also within Kings County, favors the case remaining in this venue. Finally, the Court acknowledges Plaintiff's concerns regarding the burdens of the caseload in the Fresno Division. However, the judicial resource shortage extends to the Sacramento Division, and transfer would not likely be the cure Plaintiff anticipates. Accordingly, the Court **ORDERS**: Plaintiff's motion to change the venue to the Sacramento Division (Doc. 18) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: **January 23, 2024**

UNITED STATES DISTRICT JUDGE