UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOYAH DESERTHAWK KIDWELL,<br><br>                    Plaintiff,<br><br>        v.<br><br>STU SHERMAN, et al.,<br><br>                    Defendants. | No.  1:21-cv-00639 JLT GSA (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT DUE **JUNE 6, 2024** |

Plaintiff has filed a motion for a forty-five-day extension of time to file a first amended complaint.  ECF No. 26.  This is Plaintiff's second request for an extension of time to do so.  See ECF Nos. 24, 26.  For the reasons stated below, the motion will be denied in part and granted in part.

I.      RELEVANT FACTS

In support of the extension of time request, Plaintiff states that he has been placed in the Wasco Reception Center while he waits to be returned to Chuckawalla Valley State Prison ("CVSP").  ECF No. 26 at 1.  He speculates that his return to CVSP has been delayed several times due to the fact that he has filed 602 grievances.  Id.  Plaintiff also asserts that he has completed the amended complaint but he does not trust sending the original only copy of it to the Court from his current prison location because he fears that it might go missing due to retaliation.

1

Id.

## II. DISCUSSION

The motion will granted, but it will only be granted in part. On February 8, 2024, Plaintiff's complaint was screened, and he was given thirty days to file an amended complaint. ECF No. 23. Thereafter, on February 26, 2024, Plaintiff requested a sixty-day extension of time to file the amended complaint, and his request was granted. See ECF Nos. 24, 25 (Plaintiff's extension request; Court's grant of same). At that time, Plaintiff was warned by the Court that absent exigent circumstances no further extensions of time to file an amended complaint would be granted. ECF No. 25 at 2.

Plaintiff states that he has finished drafting the amended complaint. ECF No. 26 at 1. The fact that he believes that his original may go missing if he mails it from his current location is irrelevant to the Court's consideration of this motion. Assuming that the amended complaint adheres to the "short and plain statement directives" in Federal Rule of Civil Procedure 8, then Plaintiff should be able to handwrite a copy of the original pleading and file it with the Court in much less than forty-five days. After doing so he will have a copy for himself to duplicate should the original not make it to this Court.

For these reasons, Plaintiff's motion will be granted, but only in part. He will be given a final thirty days to file the amended complaint, not the forty-five days he has requested. This should be more than sufficient time for Plaintiff to duplicate and file the amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff another copy of the Court's Civil Rights Complaint By a Prisoner form;

2. Plaintiff's second motion for an extension of time to file an amended complaint (ECF No. 26) is GRANTED IN PART and DENIED IN PART as follows:

 a. GRANTED to the extent that it requests additional time to file the amended complaint, and

 b. DENIED to the extent that it requests forty-five days to file an amended complaint;

3.  Plaintiff <u>must</u> use this form to file his amended complaint, and the complaint <u>must</u> adhere to the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2), and

4.  Within thirty days from the date of this order – **by June 6, 2024**, – Plaintiff shall file an amended complaint.

**Plaintiff is informed that absent exceptional exigent circumstances, <u>no</u> further extension requests will be granted.  Instead, Plaintiff's failure to timely and fully comply with this order is highly likely to lead to a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated:   **May 8, 2024**                        **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE