UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SEQUOYAH DESERTHAWK
KIDWELL, also known as JASON SCOTT
HARPER,

          Plaintiff,

    v.

SHERMAN, *et al.*,

          Defendants.

Case No. 1:21-cv-00639-JLT-FJS (PC)

FINDINGS AND RECOMMENDATIONS TO
DISMISS ACTION, WITHOUT PREJUDICE,
FOR FAILURE TO OBEY COURT ORDER
AND FAILURE TO PROSECUTE

(ECF No. 39)

FOURTEEN (14) DAY DEADLINE

I.     BACKGROUND

Plaintiff Sequoyah Deserthawk Kidwell, also known as Jason Scott Harper, ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was removed from Sacramento County Superior Court on April 13, 2021. (ECF No. 1.)

On May 7, 2026, the court screened the first amended complaint and directed Plaintiff to either file a second amended complaint or notify the court of his willingness to proceed on the cognizable claims identified by the court. (ECF No. 39.) The court expressly warned Plaintiff that his failure to comply with the court's order would result in dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute. (*Id.*) The deadline for Plaintiff to file an amended complaint or a notice of his willingness to proceed on the cognizable claims identified has expired, and Plaintiff has failed to respond to the court's order.

II.    FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER

A.    Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

B.    Discussion

Here, Plaintiff's amended complaint or notice of willingness to proceed on cognizable claims is overdue, and he has failed to comply with the court's order. The court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Yet "this factor lends little support to a party whose responsibility it is

2

to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The court's May 7, 2026, screening order expressly warned Plaintiff that failure to comply with the court's order would result in a recommendation of dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute. (ECF No. 39.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Although Plaintiff is not proceeding *in forma pauperis* in this action, it appears monetary sanctions would be of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

III.     CONCLUSION AND RECOMMENDATION

Accordingly, the court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a court order and for Plaintiff's failure to prosecute this action.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This

recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated:   **June 24, 2026**

_____
UNITED STATES MAGISTRATE JUDGE